## DISTRICT COURT OF THE VIRGIN ISLANDS
### DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:04-cr-0176** |
| | ) | |
| **JAMES EDWARD WHITTED,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**APPEARANCES:**

**Gretchen C.F. Shappert, United States Attorney**
**Alessandra Parisi Serano, AUSA**
**Juan Albino, AUSA**
United States Attorney's Office
St. Thomas, U.S.V.I.
　　*For the United States of America,*

**Matthew A. Campbell, Federal Public Defender**
Office of the Federal Public Defender
St. Thomas, U.S.V.I.
　　*For James Edward Whitted.*

### <u>MEMORANDUM OPINION</u>

**MOLLOY, J.**

　　**BEFORE THE COURT** is the *pro se* motion of James Edward Whitted ("Whitted") for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), filed September 15, 2020. (ECF No. 153.) The United States ("the Government") filed an opposition to the motion on October 15, 2020. (ECF No. 155.) Thereafter, the Office of the Federal Public Defender, appointed by the Court to represent Whitted, filed a supplemental motion on November 2, 2020. (ECF No. 157.) For the reasons stated below, the Court will grant Whitted's motion.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Whitted is a 73-year old African American male with type 2 diabetes mellitus and numerous other underlying medical conditions. Whitted was indicted on October 21, 2004, for: 1) possession with intent to distribute heroin, and 2) knowing and intentional importation of 5.9 kilograms of heroin. He was convicted of both counts in a jury trial on June 14, 2006. Due to Whitted's prior drug-related convictions, the most recent of which was just under fifteen years before the offense in this case, the Court sentenced Whitted to a term of incarceration of twenty years, the mandatory minimum sentence. 21 U.S.C. § 841. Whitted's term of incarceration is to be followed by ten years of supervised release, with credit for time served since September 27, 2004. Whitted has served over sixteen years and three months (81%) of his sentence. His projected release date is May 5, 2021.[1]

In 2020, Whitted petitioned the Warden of Edgefield FCI, the Bureau of Prisons ("BOP") facility where Whitted was housed at the time, for consideration for a reduction in sentence or compassionate release due to his age and medical conditions during the COVID-19 pandemic.[2] On August 4, 2020, Whitted received a response from the Office of the General Counsel for the BOP, denying his request for reduced sentence. In the denial, the General Counsel confirmed Whitted's "history of diabetes, asthma, hypertension, and hyperlipidemia," for which he is prescribed medications, including an inhaler. *See* ECF No. 153-1 at 2; ECF No. 155 at 2. The General Counsel asserted that Whitted does not meet the qualifications for sentence reduction under the "Debilitated Medical Condition" or "Elderly Inmates with Medical Conditions" categories. He affirmed that Whitted does meet the criteria for review as an "Other Elderly Inmate," but concluded that the Residential Reentry Center ("RRC") placement for which Whitted is eligible in January of 2021, is the appropriate placement. On that ground, the General Counsel denied Whitted's petition for reduction in sentence.

---

[1] Whitted has served 92% of his projected term of imprisonment, based on his current projected release date of May 5, 2021.

[2] In his motion, Whitted does not specify the date on which he submitted his petition to the Warden. The Government also does not specify the date of Whitted's petition but confirms the Bureau of Prison's denial.

On September 15, 2020, Whitted filed a *pro se* motion for compassionate release, requesting a reduction of his term of imprisonment to home confinement. (ECF No. 153.) In his motion, Whitted asserts that his risk "of serious illness and death related to C[OVID]-19 is significantly heightened due to his serious health issues of diabetes,[3] asthma, hypertension, and hyperlipidemia combined with his age" of 73.[4] *Id.* at 2. Whitted thus asserts that his medical conditions and age present an extraordinary and compelling reason, due to his risk of severe complications or death from COVID-19 during the pandemic, to warrant relief under 18 U.S.C. § 3582(c)(1)(A). *Id.* at 4.

On October 15, 2020, the United States (the "Government") filed an opposition in response to Whitted's motion (ECF No. 155) and included the *Reduction in Sentence Medical Review* from the BOP in the filing. (ECF No. 155-2.) The Government confirms that Whitted has completed the Residential Drug Abuse Treatment Program ("RDAP") and is approved for placement in an RRC in January of 2021, with a projected release date of May 5, 2021. In addition, the Government acknowledges that "Whitted does suffer from Diabetes type 2[,] hypertension[,] hyperlipidemia[,] and asthma. He is provided with medications for these conditions, including an albuterol inhaler to use for shortness of breath related to asthma." (ECF No. 155 at 3.) The Government affirms that Whitted "meets the requirements of subsection B of the extraordinary and compelling circumstances . . . that may justify compassionate release. He is over 65 years of age and has served over 75 percent of his term of imprisonment." However, the Government opposes Whitted's motion for compassionate release on the grounds that he "fails to show that he is suffering from a serious medical condition." (ECF No. 155.) The Government does not address the inherent risks due to Whitted's age and specific medical conditions in the COVID pandemic.

On October 16, 2020, the court appointed the Office of the Federal Public Defender to represent Whitted in his motion for compassionate release. On November 2, 2020, Whitted filed a supplement to his earlier motion. (*Reply re: Motion to Reduce Sentence Pursuant to 18*

---

[3] Whitted's health records show that he suffers from type 2 diabetes mellitus, for which he is currently on prescription medicine.

[4] Whitted is now 73 years old.

*U.S.C. § 3582(c)(1)(A)*, ECF No. 157.) In his supplemental filing, Whitted notes "the [G]overnment does not appear to contest that Mr. Whitted suffers from these conditions, or that those conditions render him at greater risk than others for contracting COVID and becoming seriously ill." (ECF No. 157 at 5.) The supplemental motion also notes the significantly higher incidence and death rate from COVID among prisoners compared to the rates in the general public. Referencing his projected date of release from incarceration of May 5, 2021, Whitted asserts, "[i]t is difficult to imagine what will be accomplished during an additional [four] months incarceration that has not been accomplished over the last sixteen years of incarceration. It is not difficult to imagine, however, that these additional months could result in Mr. Whitted suffering from COVID." *Id.* at 8.

Based on his successful completion of the RDAP, the BOP transferred Whitted to an RRC in Raleigh, North Carolina, earlier this month. Whitted asserts that he will live with his sister, at an established address in Durham, North Carolina, if granted release.

## II.  LEGAL STANDARD

Pursuant to 18 U.S.C. § 3582 ("Section 3582"), a sentencing court has the authority to modify an imposed sentence under certain conditions. Section 3582 provides in pertinent part that

> (A) the court, . . . or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . ., after considering the factors set forth in [S]ection 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction; or
> >
> > . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1).

Before a defendant may file a motion for compassionate release under Section 3582(c)(1)(A), either (1) the BOP must have had 30 days to consider the defendant's request that the BOP move for compassionate release on his behalf, or (2) the defendant must

administratively exhaust an adverse decision by the BOP in response to that defendant's request within that time period. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

Once a defendant has met the exhaustion requirement of Section 3582(c)(1)(A), "a district court 'may reduce [a federal inmate's] term of imprisonment' and 'impose a term of probation or supervised release . . . if it finds that . . . extraordinary and compelling reasons warrant such a reduction.'" *United States v. Pawlowski*, 967 F.3d 327, 329 (3d Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). "But before granting compassionate release, a district court must 'consider[ ] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable.'" *Id.* "Those factors include, among other things, 'the history and characteristics of the defendant' and 'the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, . . . to provide just punishment for the offense[, and] . . . to afford adequate deterrence to criminal conduct.'" *Id.* at 330 (citations omitted).

The United States Sentencing Commission (the "USSC") has issued a policy statement addressing reduction of sentences under Section 3582(c)(1)(A). The policy statement provides that a court may reduce the term of imprisonment after considering the 18 U.S.C. § 3553(a) factors if the court finds that (i) "extraordinary and compelling reasons warrant the reduction;" (ii) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and (iii) "the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13. Application Note 1 to the USSC policy statement sets forth several circumstances under which the USSC has determined "extraordinary and compelling reasons" exist. Such circumstances include certain medical, age-related, or family circumstances, and a catchall provision—where other extraordinary and compelling reasons exist in a defendant's case. U.S.S.G. § 1B1.13 cmt. n. 1(A)-(D).

The defendant bears the burden of demonstrating that he is entitled to a reduced sentence under 18 U.S.C. § 3582(c)(1). *Cf. United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016); *United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("A party with an affirmative goal and presumptive access to proof on a given issue normally has the burden of proof as to that issue.").

*United States v. Whitted*
Case No. 3:04-cr-0176
Memorandum Opinion
Page 6 of 15

### III. DISCUSSION

#### A. Exhaustion of Administrative Remedies

Whitted filed a request for compassionate release with the Warden of Edgefield Federal Correctional Institution ("FCI") where he was housed.[5] On August 4, 2020, Whitted received a letter from the Office of General Counsel of the BOP stating that his request was denied. (ECF No. 153-1.) Whitted filed the instant motion on September 15, 2020. Because the BOP has denied his request to move the Court for compassionate release, the Court finds that Whitted has satisfied Section 3582(c)(1)(A)'s exhaustion requirement. As such, the Court will consider the merits of Whitted's motion.

#### B. Extraordinary and Compelling Reasons

COVID-19 is a highly transmissible and deadly disease which has claimed over 425,000 lives thus far in the United States, 206 of whom were federal inmates in BOP custody. Currently, 3,540 federal inmates and 2,005 BOP staff test positive for COVID-19 nationwide.[6] *Federal Bureau of Prisons COVID-19 Coronavirus*, https://www.bop.gov/coronavirus/faq.jsp (last visited Jan. 25, 2021). There are currently "[c]onfirmed active [COVID-19] cases at 128 BOP facilities and 40 RRCs."[7] *Id.* The BOP, no less than the nation at large, is seeing ever higher spikes of positive cases of the highly transmissible virus, the only preventive measures for which are physical distance, mask-wearing, and disinfection to reduce one's exposure.

Since the issuance of Attorney General Barr's Memo dated March 26, 2020, entitled *Prioritization of Home Confinement as Appropriate in Response to COVID-19 Pandemic*, 20,664 BOP inmates have been placed in home confinement (including those who have now

---

[5] Neither Whitted nor the Government disclosed the date that Whitted filed his request for compassionate release or reduction in sentence with the Warden. *See* ECF Nos. 153 at 5, 155 at 2, and 157 at 4.

[6] The *Federal Bureau of Prisons COVID-19 Coronavirus* website states, "The inmate totals listed do not include inmates participating in the Federal Location Monitoring program, inmates supervised under the USPO, or [those] being held in privately-managed prisons . . . ."

[7] Data is not presently available for the RRC facility to which Whitted was transferred earlier this month.

completed their sentence). (ECF No. 466-11.) Of the 20,664 BOP inmates so placed, 7,809 BOP inmates currently remain on home confinement. *https://www.bop.gov/coronavirus/.*

Significantly, the Centers for Disease Control and Prevention ("the CDC") has identified age as the primary risk factor for severe illness or death from COVID-19. "[The CDC] states that [a]mong adults, the risk for severe illness from COVID-19 increases with age, with older adults at highest risk. The CDC reports eight out of ten COVID-19 deaths reported in the United States have been adults sixty-five-years-old and older." *United States v. Brunetti*, 2020 U.S. Dist. LEXIS 136053, at *11 (E.D. Pa. July 31, 2020) (internal quotations removed). The CDC reports that the hospitalization rate for 65- to 74-year-olds is five times higher than it is in individuals age 18 to 29, with the rate of death from COVID ninety (90) times higher. At age 75, the rate of death jumps to 220 times higher than that of 18- to 29-year-olds. *See* https://www.cdc.gov/coronavirus/2019-ncov/covid-data/investigations-discovery/hospitalization-death-by-age.html (last visited Jan. 25, 2021). Here, Whitted is seventy-three (73) years old—at substantially increased risk for severe illness, serious complications, or death, should he contract COVID-19.

In addition to age, the CDC has identified underlying medical conditions that increase the risk of severe illness or death from COVID-19—with Whitted's primary underlying condition of type 2 diabetes mellitus among those in the highest risk category. *People with Certain Medical Conditions*, Centers for Disease Control, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Jan. 25, 2021) ("Having type 2 diabetes increases your risk of severe illness from COVID-19."); *United States v. Ladson*, No. 04-697-1, 2020 U.S. Dist. LEXIS 108551, at *14 (E.D. Pa. June 22, 2020) ("[a] recent study from the United States found a fourfold increase in mortality rates from COVID-19 among diabetic patients.").

The CDC also lists numerous other conditions that might increase the risk of severe illness or death from COVID-19, among which are hypertension and asthma—two of Whitted's multiple medical conditions. *See United States v. Rodriguez*, 451 F. Supp. 3d 392, 401 (E.D. Pa. Apr. 1, 2020) ("An early World Health Organization report on COVID-19 found that '[i]ndividuals at highest risk for severe disease and death include people . . . with underlying conditions such as hypertension [and] diabetes.'"); *United States v. Pabon*, 458 F.

Supp. 3d 296, 299 (E.D. Pa. 2020) ("According to a CDC report, 'nearly 90% of adult patients hospitalized with COVID-19 in the US had one or more underlying diseases,' and out of those patients 49.7% of them had hypertension and 28.3% of them had diabetes.").

Advanced age, combined with serious underlying medical conditions that increase the likelihood of serious complications or death if the person contracts COVID-19, makes a person particularly vulnerable during the pandemic. *Basank v. Decker*, 449 F. Supp. 3d 205, 211 (S.D.N.Y. 2020) ("The Court takes judicial notice that, for people of advanced age, with underlying health problems, or both, COVID-19 causes severe medical conditions and has increased lethality."); *see, e.g., United States v. Ennis*, No. EP-02-CR-1430-PRM-1, 2020 U.S. Dist. LEXIS 84957 (W.D. Tex. May 14, 2020) (granting a reduction of sentence and release to a 71-year old defendant with diabetes mellitus and hypertension who had served more than seventeen years of his sentence, due to the significantly increased risk of severe consequences from COVID-19, even though his facility had no incidence of COVID-19 at the time); *United States v. Diep Thi Vo*, No. 15-cr-00310-BLF-2, 2020 U.S. Dist. LEXIS 81121 (N.D. Cal. May 7, 2020) (granting compassionate release to the defendant who was 74 years old, had a documented history of hypertension and hyperlipidemia, and was scheduled to be released less than a year later); *see Pabon*, 458 F. Supp. 3d at 302 (holding that "[i]t is the confluence of COVID-19 and [the inmate's] health conditions that makes this circumstance extraordinary and compelling" where the 54-year old inmate suffered from type 2 diabetes mellitus and hypertension).

In his motions, Whitted argues that his circumstances present an extraordinary and compelling reason warranting a reduction in sentence because he is 73 years old and suffers from several health conditions that the Center for Disease Control ("CDC") has identified as increasing the risk of serious illness and death from COVID-19 should he contract that virus. Whitted also argues that the case rate for inmates is "5.5 times higher" than the general public at large, "with the death rate being 3 times higher."[8] (ECF No. 157 at 6.) Additionally,

---

[8] Although he is no longer housed at FCI Edgefield, having been recently transferred to an RRC in January, Whitted asserts his risk for contagion posed by Edgefield FCI is increased due to open cubicles in the residence, communal facilities, and lockdown conditions that limit inmates' open-air access to four hours per week outdoors.

Whitted contends that the risk of contagion is not limited to prisons within BOP, citing the number of inmates who have died of COVID while in BOP RRC facilities. Indeed, the BOP website states that there are confirmed "active" COVID-19 cases currently in "128 BOP facilities and 40 RRCs" nationwide. https://www.bop.gov/coronavirus/ (last visited Jan. 25, 2021).

In its opposition, the Government states that "[t]he BOP concluded" that Whitted "does not meet the [Reduction in Sentence ("RIS")] criteria for ["Debilitated Medical Condition" and "Elderly Inmates with Medical Conditions" in] sections 3(b) and 4(b)."[9] What the Government does not mention in its opposition is that the General Counsel went on to explain that

> Section 4(c) ["Other Elderly Inmates"] of PS 5050.50[10] provides that RIS consideration may be given to inmates age 65 or older who have served the greater of 10 years or 75 percent of the term of imprisonment to which the inmate was sentenced. Mr. Whitted has served 15 years and 10 months (79%)[11] of his 20-year sentence for Possession with Intent to Distribute Heroin and Importation of Heroin. *He meets the age and time served criteria of section 4(c).*

*Denial of Request for Reduction in Sentence*, ECF 155-1 at 2 (Aug. 4, 2020) (emphasis added). The General Counsel went on to write that Whitted is approved for the "outpatient phase of [the Residential Drug Abuse Treatment Program ("RDAP")]" in a reentry center in January of 2021, and that, "[a]fter careful consideration, it has been determined that his placement in an RRC is appropriate to facilitate his transition back into society and his completion of the final phase of RDAP." *Id.* at 2. Although the General Counsel denied his petition for reduction in sentence, it was not because Whitted did not qualify for such release. Nor was the denial based on Whitted's age or medical conditions as risk factors for significant complications or death from COVID-19. In fact, the General Counsel's denial did not mention

---

[9] *See* §§ 571.61(3)(b), 4(b), *Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C.* §§ 3582 and 4205(g), U.S. Dep't of Justice Fed. Bureau of Prisons No. 5050.50, at 1 (Jan. 17, 2019).

[10] *Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C.* §§ 3582 and 4205(g), U.S. Dep't of Justice Fed. Bureau of Prisons No. 5050.50, at 1 (Jan. 17, 2019).

[11] Currently Whitted has served 16 years and three months, for a total of more than 81% of his imposed sentence.

COVID-19 or the pandemic even once, even though the letter was signed on August 4, 2020, by which date more than 187,000 persons in the United States had died of COVID-19.

This Court finds that Whitted's medical conditions and advanced age, in light of the COVID-19 pandemic and increased risk of contagion within a residential facility of the BOP, satisfy the extraordinary and compelling prong of the Section 3582 analysis. With positive cases in virtually every BOP facility,[12] Whitted is at continued risk of exposure to, and severe complications from, COVID-19.

### C. *Section 3553(a) Factors*

Nevertheless, before granting compassionate release, the Court must determine whether the applicable sentencing factors under 18 U.S.C. § 3553(a) warrant a reduction.

#### i. *The nature and circumstances of the offense*

Whitted was convicted of one count of Possession of Heroin with Intent to Distribute and one count of Importation of Heroin for attempting to smuggle heroin onto St. Thomas in the soles of shoes and other items while aboard a cruise ship. Whitted was sentenced to the mandatory minimum of 240 months imprisonment and ten years supervised release. Although there were no identifiable victims, these are serious offenses—and this was not Whitted's first drug conviction. As a highly addictive drug, heroin has an immensely destructive impact on society. As such, the Court concludes that the seriousness of Whitted's offense weighs against, but does not preclude, a reduction in sentence.

#### ii. *The need for the sentence imposed and the length of time served in relation to the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense*

The second factor to consider—the sentence imposed and the length of time that Whitted has served in relation to his sentence—weighs heavily in favor of a reduction of sentence and compassionate release. *See United States v. Butler*, No. 10-612, 2020 U.S. Dist. LEXIS 163154, at *9 (E.D. Pa. Sept. 8, 2020) ("[T]he length of time the defendant has already served is highly relevant to whether a reduced sentence will still sufficiently reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford

---

[12] *Federal Bureau of Prisons COVID-19 Coronavirus*, https://www.bop.gov/coronavirus/faq.jsp (last visited Jan. 25, 2021).

adequate deterrence to criminal conduct, and avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."); *see also Pawlowski*, 967 F.3d at 331 (concluding that the amount of time remaining to be served in an inmate's sentence is an appropriate consideration under 18 U.S.C. § 3553(a)).

As of this date, Whitted has served over sixteen years (195 months) in prison for drug trafficking. Of the 240-month term imposed by the Court, Whitted has served 81% of the sentence. The Court concludes that the time Whitted has served is adequate to reflect the seriousness of his offense, provide just punishment, and promote respect for the law. *See United States v. Somerville*, No. 2:12-cr-225-NR, 2020 U.S. Dist. LEXIS 93935, at *603 (W.D. Pa, May 29, 2020) (finding that "the severity of [the defendant's] crime has been adequately reflected in the eight years he has already served in prison."); *see also United States v. Juarez-Parra*, No. CR 11-0125 RB, 2020 U.S. Dist. LEXIS 173106, at *15-16 (D.N.M. Sept. 22, 2020) (granting compassionate release to a defendant with diabetes mellitus 2 and other underlying conditions who had served 80% of his 147-month sentence and finding "that the sentence he has served thus far is adequate under § 3553(a), particularly in the face of this novel pandemic"); *United States v. Nunez*, No. 17-58-1, 2020 U.S. Dist. LEXIS 159654, at *1-2, *7 (E.D. Pa., Sept. 1, 2020) (finding that having served 67% of the imposed sentence weighed in favor of the defendant's compassionate release under COVID-19 conditions when the defendant also had a medical condition that was a significant risk factor for COVID).

The BOP approved Whitted's placement in a residential reentry center for the last four months of incarceration, to which he was transferred just three weeks ago. Whitted will begin his ten-year period of supervised release on May 5, 2021. Therefore, Whitted only has four (4) months remaining on his sentence, including those in the residential program. In similar circumstances, another court has concluded that, "changing the physical location of [the defendant's] confinement over the next five (5) months . . . is unlikely to diminish the impact of the overall sentence this [c]ourt originally imposed, and would not in the [c]ourt's judgment diminish the resulting sentence's ability to meet the § 3553(a) purposes of sentencing." *United States v. Davidson*, No. 2:16-cr-00139-2, 2020 U.S. Dist. LEXIS 150887, at *59-60 (W.D. Pa., Aug. 20, 2020). *See also United States v. Rodriguez*, 451 F. Supp. 3d 393, 407 (E.D. Pa. 2020) ("Because [the defendant] has served the vast majority of his [ ] sentence and

is a year and a half away from release, granting his motion sufficiently minimizes sentence disparities between him and similarly situated defendants."). This Court agrees that changing Whitted's place of confinement over the next four months from an RRC to his home does not diminish his sentence's ability to meet the § 3553(a) purposes of sentencing. As such, the Court concludes that releasing Whitted to home confinement at this time would not undermine the aim of sentencing.

The Court has carefully considered Whitted's criminal history, length of time served, proximity to projected release date, medical conditions, and age as significant risk factors for COVID-19. As such, the Court finds that the amount of time Whitted has served in prison and the proportion of time he has served in relation to his sentence weigh in favor of compassionate release and adequately reflect the seriousness of and just punishment for his offense.

### iii.   The need for the sentence imposed to afford adequate deterrence to criminal conduct and protect the public from further crimes of the defendant

The third factor to consider—the need for the sentence served to adequately deter criminal conduct and protect the public from further criminal activity by the defendant— weighs in favor of reduction in sentence for Whitted. Courts have viewed evidence of a defendant's rehabilitation as support for such deterrence and protection of the public from future harm. *See Nunez*, at *14-15 (finding that the defendant was not a danger to the community, despite his previous heroin and felon in possession of a firearm conviction, because "[he] has shown rehabilitation and the desire to become a productive member of the community" through his efforts while incarcerated) (citing *United States v. Curtis*, No. 03-533, 2020 U.S. Dist. LEXIS 70804, at *14 (D.D.C. Apr. 22, 2020) (looking to factors such as a minimal disciplinary record, education courses, and completion of a drug rehabilitation program as evidence the defendant was no longer a danger to the community)).

Whitted argues that, despite the fact that his crime was very serious, he was convicted of a non-violent crime and has "worked hard to improve himself" through numerous education and personal well-being courses while incarcerated, including completing the Residential Drug Abuse Treatment Program (RDAP). In his *pro se* motion, Whitted further argues that

> [h]e has grown in maturity over the course of his incarceration and has recognized the errors of his past decisions and actions, and the impact it has had on his family, his friends, and his community. While it is not possible to undo the past, Mr. Whitted has worked to make amends for his prior actions and looks forward to becoming an upstanding, law-abiding member of his community."

(ECF No. 153 at 5.)

As to the need to protect the public, United States Sentencing Commission studies have found that recidivism declines with increasing age of release of federal offenders, with drug trafficking offenders over age 60 having a substantially lower re-arrest rate than their younger counterparts.[13] (ECF No. 466 at 9.) Studies show that only about 4% of inmates released over the age of 65 return to prison.[14] Furthermore, "older offenders have the lowest recidivism rate of any age [group] in U.S. prisons." *The High Costs of Low Risk: The Crisis of America's Aging Prison Population*, The Osborne Association (2018) at 11.

Here, Whitted is a 73-year old convicted of drug-trafficking, putting him at low risk for reoffending after release according to the U.S. Sentencing Commission's research study. Statistically, based solely on his age and type of offense and without factoring in Whitted's medical conditions, Whitted is highly unlikely to reoffend and endanger the public after release. *See United States v. Aguilera-Quinjano*, No. 4:96-CR-00201-02, 2020 U.S. Dist. LEXIS 190853, at *8 (M.D. Pa. Oct. 15, 2020) ("[T]he Court notes that, although [the defendant's] criminal history is lengthy and serious, there likely is no longer a significant need to protect the public from his criminal behavior. . . . Simply by nature of [his] age and medical ailments, there is little possibility that he will again participate in an international criminal drug trafficking conspiracy.").

Significantly, the Government makes no objection to Whitted's release on grounds of potential for recidivism or of being a danger to the community. The Government's objection is purely on grounds that "the defendant fails to show that he is suffering from a serious

---

[13] United States Sentencing Commission, *The Effects of Aging on Recidivism Among Federal Offenders*, at 25, Fig. 19 (December 2017), available at https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2017/20171207_Recidivism-Age.pdf.

[14] *At America's Expense: The Mass Incarceration of the Elderly*, American Civil Liberties Union (June 2012), www.aclu.org/files/assets/elderlyprisonreport_20120613_1.pdf.

medical condition that warrants compassionate release." (ECF No. 155 at 9.) Accordingly, the Court finds that Whitted does not present a danger to the public.

The Court concludes that the sentence Whitted has served thus far has afforded adequate deterrence to criminal conduct and that the length of his sentence will remain sufficient, but not greater than necessary to fulfill the original goals of sentencing. As such, the Court is persuaded that the Section 3553(a) factors weigh in favor of reducing Whitted's sentence.

### D. USSC Sentencing Guidelines Policy

Section 3582(c)(1)(A) requires that a reduction of sentence for compassionate release be "consistent with applicable policy statements issued by the Sentencing Commission." The Sentencing Guidelines and policy statement have not been updated since the enactment of the First Step Act. As such, the policy statement is not current. This Court has recently concluded that while the policy provides useful guidance, "the Court is not confined to the analysis or categories within the USSC policy statement." *United States v. Stephens*, No. 3:11-cr-0016, 2020 U.S. Dist. 242671, at \*24-\*25 (D.V.I. Dec. 28, 2020); *see also Pabon*, 458 F. Supp. 3d at 300-01 (E.D. Pa. 2020); *United States v. Beck*, 425 F. Supp. 3d 573, 578-79 (M.D.N.C. 2019).

## IV.  CONCLUSION

Whitted, who is now 73 years old and suffers from type 2 diabetes mellitus, which is among the medical conditions listed by the CDC as having the highest risk for COVID-19, has shown an extraordinary and compelling reason for this Court to consider his request for compassionate release. The BOP assessed Whitted to be eligible for release from custody in under four months—during which time Whitted would remain in significant danger if housed in a group facility under current and increasingly serious pandemic conditions, given his vulnerability to COVID-19. At the age of 73, Whitted is at even higher risk for serious complications or death from COVID from his underlying medical conditions. His status as a senior citizen also makes Whitted statistically less likely to recidivate. For these reasons, the Court will grant Whitted's motion for reduction in sentence and compassionate release.

The Court sentences Whitted to time served with ten years of supervised release. As a condition of supervised release, Whitted shall be placed in home confinement through the

*United States v. Whitted*
Case No. 3:04-cr-0176
Memorandum Opinion
Page 15 of 15

date of his projected release, May 5, 2021. Additionally, Whitted must undergo a 14-day period of quarantine at the RRC prior to his release to home confinement, to commence immediately. An appropriate order follows.

**Dated:** January 28, 2021

_/s/ Robert A. Molloy_
**ROBERT A. MOLLOY**
**District Judge**